IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:12CR00014-004   SWW |
| | * | |
| COURTNEY CLARK, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion brought under 28 U.S.C. § 2255 in which petitioner claims the government breached a plea agreement. The government responded to the motion. For the reasons stated below, the motion is denied.[1]

**Background**

In January 2011, Courtney Clark ("Clark") was charged on one court of conspiracy to possess Oxycodone with intent to distribute and to distribute Oxycodone in violation of 21 U.S.C. § 846.[2] On September 12, 2012, Clark entered a plea of guilty. The plea agreement provided that the base offense level pursuant to the United States Sentencing Guidelines

---

[1]The Court finds that an evidentiary hearing is not required in this matter. The record conclusively shows that the petitioner is not entitled to relief. *See Engelen v. United States*, 6 8 F.3d 238, 240 (8th Cir. 1995)(§2255 petition can be dismissed without a hearing if petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

[2]Petitioner Clark also was indicted in another criminal case, *United States v. Courtney Jabran Clark*, 4:11CR82 JLH. Pursuant to the plea agreement in the case before the Court, the counts of the other indictment were dismissed.

("Guidelines") § 2D1.1 was 34.[3] The parties stipulated that there would be a 2 level increase in the base offense level for role; that Clark was eligible for up to 3 points reduction for acceptance of responsibility; and that no other enhancements or reductions under Section 2D1.1 or Chapter 3 of the Guidelines applied. The agreement also provided that the parties understood that the Court would not be bound by their agreement, and that if the Court did not accept the stipulations, Clark would not be "entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement and Addendum."[4]

During the change of plea hearing, the Court informed Clark that the maximum time he could serve under the statute was 20 years.[5] The Court then asked: "And do you understand that at that guideline range, you are likely to get that maximum sentence?"[6] He said he did. Later, the Court again asked Clark whether he understood that he might be looking at a long sentence[7] and that the Court would not be able to determine what Clark's final guideline range is until after the presentence report was written and he and the government had an opportunity to challenge what is in it.[8] Finally, the Court asked Clark if he understood that after the Court determines the guideline range, "the Judge has authority to impose a sentence that is either more severe or less severe than that called for by the guidelines?"[9] Petitioner Clark responded that he understood.

---

[3]ECF No. 321.

[4]*Id.* at ¶ 5.F.

[5]Gov't. Resp. to Def's. Motion, Ex. 1 (Transcript of Change of Plea Hearing) at 7:7-11.

[6]*Id.* at 7:13-14.

[7]*Id.* at 9:14-15.

[8]*Id.* at 10:17-20.

[9]*Id.* at 10:22-25.

The United States Probation Office prepared the Presentence Investigation Report. The report found that Clark was a career offender. That finding did not result in an increase in the applicable offense level. However, by application of Section 4B1.1(b) of the Guidelines, Clark's criminal history category increased from a category III to a category VI.

At the sentencing hearing on December 18, 2012, the Court found a total offense level of 33, a criminal history category of VI, and an applicable guideline range of 235-293 months. Because of the statutory maximum of 240 months, the effective guideline range was 235-240 months. The Court sentenced Clark to 180 months. Petitioner Clark did not appeal his sentence.

Petitioner Clark filed his motion for relief pursuant to 28 U.S.C. § 2255 on January 17, 2014. He argues that the government breached the plea agreement by agreeing with the finding in the Presentence Report that Clark was a career offender and that his criminal history score increased by two points because he committed the instant offense while under a criminal justice sentence. The government filed a response on February 13, 2014, asserting that Clark's motion is barred by the statute of limitation, that his claims are procedurally barred, and any ineffective assistance of counsel claims should be denied.

**Discussion**

There is a one-year statute of limitations on motions filed pursuant to 28 U.S.C. § 2255. *Johnson v. United States*, 544 U.S. 295, 299 (2005). It begins to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion because of such

governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Although Clark claims his motion was timely filed, he makes no assertion that there was an impediment created by the United States to filing it earlier; he does not claim he is asserting any newly recognized rights or that he was delayed in filing the motion in spite of due diligence. His judgment of conviction became final on December 19, 2012, when the judgment and commitment order were filed.  He did not file a notice of appeal; as a result, his conviction became final when the fourteen days for filing an appeal expired, or on January 2, 2013.

Petitioner Clark signed his motion and placed it in the prison mailing system on January 13, 2014, eleven days past the statute of limitations.  Even recognizing the prison mailbox rule, which provides that an appeal is timely filed if deposited in an institution's internal mail on or before the last day for filing, *see Grady v. United States*, 269 F.3d 913 (8th Cir. 2001), Clark's motion is untimely.

Even assuming his motion was timely filed, the government argues Clark's claims are procedurally barred because he did not raise them on appeal.  A defendant procedurally defaults a claim when he fails to raise it at sentencing or on direct appeal.  *See Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002).  "In order to obtain collateral review of a procedurally defaulted issue, [a petitioner] must show 'either cause and actual prejudice, or that he is actually

innocent.'" *Id*. (quoting *Bousley v. United States,* 523 U.S. 614, 622 (1998)).  Petitioner Clark pled guilty so he cannot assert actual innocence.

The Court finds there is no basis for Clark's claim that the government violated the plea agreement by agreeing with the presentence investigation report's finding that he was a career offender and by agreeing to a two point increase in his criminal history score on the grounds that he committed the instant offense while under a criminal justice sentence.  He and the government stipulated that "no other enhancements or reductions under Section 2D1.1 or Chapter 3 of the Guidelines apply."  The calculations related to determining his criminal history category were made pursuant to Chapter 4 of the Guidelines not under Section 2D1.1 or Chapter 3.  Agreeing to the criminal history calculation and category set forth in the report did not constitute a breach of the agreement.  Further, there was no prejudice to Clark.  The Court sentenced Clark to a term of imprisonment that fell within the guideline range that would have applied if the Court accepted his claims in this motion.  Petitioner Clark's criminal history based only on criminal convictions, without the career offender status, resulted in a criminal history of four, which corresponds to a criminal history of III.  Had this score been applied to Clark, his guideline range would have been 168-210 months, and the Court sentenced him to 180 months.

Lastly, even if Clark's claims were not time-barred and procedurally defaulted, he cannot establish a claim of ineffective assistance of counsel.[10]  To establish ineffective assistance of counsel, a defendant must prove (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness and (2) prejudice - that but for counsel's

---

[10]In his *pro se* motion, petitioner states that he did not raise the issue of violation of the plea agreement in an appeal because "counsel failed to raise the issues." ECF No. 627 at 3.

unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688- 694 (1984). Petitioner Clark cannot show either.

The record reflects counsel's actions in not objecting to the presentence investigation report were not unreasonable because the criminal history was correctly calculated. It was reasonable not to argue the government breached the plea agreement because there were no violations of the agreement. The plea agreement did not contain any stipulations relating to Chapter Four of the Guidelines which addresses criminal history. Likewise, there is no prejudice as petitioner's sentence of 180 months was within the guidelines range even if he had not been found to have been a career criminal who committed the instant offense while under a criminal justice sentence.

## Conclusion

For the reasons stated, Clark's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 627] is denied.

IT IS SO ORDERED this 24th day of February, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE