## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **4:12-CR-00014-04-SWW**

**COURTNEY CLARK**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate

Release (Doc. No. 859) is DENIED.

## I.      BACKGROUND

On September 9, 2012, Defendant pled guilty to possession with intent to

distribute oxycodone.[1]  On December 18, 2012, he was sentenced to 180 months in

prison.[2]

## II.     DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate

release a bit less strenuous, a defendant still must establish "extraordinary and

compelling reasons" and that release would not be contrary to the 18 U.S.C. §

_____

[1]Doc. Nos. 320, 321.

[2]Doc. Nos. 448, 450.

1

3553(a) factors.[3]  Additionally, before a defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

Here, Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons.  Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant alleges no specific health conditions that put him at a higher risk of suffering from COVID-19.  In support of his motion, Defendant submits an article regarding the effects of COVID-19 on African American males and obese people.  The Court finds that Defendant has failed to allege facts showing that relief is warranted in his case.  First, Defendant's obesity and race do not qualify as "extraordinary and compelling" reasons to support his release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which do set out examples.[5]  Defendant's health conditions are not listed.  Defendant has

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers

provided no argument or evidence to show that his health conditions, at this time, are severe enough to prevent him from independently functioning within the prison.  Second, to the extent it is it being alleged by Defendant, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 36 years old and has served just over 50% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, the interest of protecting the public from additional crimes by Defendant and the requirement that the sentence imposed reflect the severity of the offense.  Since

---

from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

age 20, Defendant has acquired five convictions, which include three separate convictions for possession with intent to deliver drugs.  Those convictions involve the same behavior as the instant offense.  In fact, Defendant committed the instant offense while on parole for a prior drug conviction.

The severity of the instant offense must also be considered.  Defendant, while on parole for a previous drug-distribution offense, was responsible for distributing over 24,000 oxycodone (80 mg) pills over the course of several years.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 859) is DENIED.

IT IS SO ORDERED, this 17th day of August, 2020.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE